UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY LUM, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 521, et al.,<br><br>        Defendants. | Case No. 14-CV-05230-LHK<br><br>**ORDER GRANTING PROVISIONAL CLASS CERTIFICATION AND PRELIMINARY APPROVAL**<br><br>Re: Dkt. Nos. 52, 53 |

WHEREAS, a putative class action captioned *Lum, et al. v. Service Employees International Union Local 521, et al.*, Case No. 14-CV-05230-LHK is pending before the Court, and

WHEREAS, Jeffrey Lum and Andrew Li (collectively, "Plaintiffs"), individually and in their representative capacities on behalf of the Settlement Class, and Defendants Service Employees International Union Local 521 ("Local 521"), the County of Santa Clara ("the County"), and Alan Minato, in his official capacity as the Controller-Treasurer of the County, (all together, "Defendants") have entered into a Settlement Agreement, ECF No. 53-1, which, with the exhibit attached thereto, sets forth the terms and conditions for a proposed settlement and

dismissal of Counts II and III of the First Amended Complaint with prejudice as to Defendants;

This matter coming before the Court upon the agreement of the Parties and the motion of Plaintiffs seeking provisional certification of the Settlement Class and preliminary approval of the Settlement Agreement, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this order shall have the same meaning as ascribed to them in the Settlement Agreement.

**Settlement Class Certification for Settlement Purposes Only**

2. A class (the "Settlement Class") is conditionally certified for settlement purposes only.

   a. The Settlement Class is defined to include: "[A]ll nonmember Employees who, between December 1, 2012, and the date of final approval of this Agreement by the District Court, have timely and properly objected to paying non-chargeable fees to Local 521." "Employee" is defined as "a public sector employee who is represented in collective bargaining by Local 521."

   b. The requirements for class certification under Fed. R. Civ. P. 23(a) are satisfied by the facts and evidence in this case as demonstrated in Plaintiffs' Motion to Certify the Settlement Class and Appoint Settlement Class Counsel and their supporting Memorandum of Points and Authorities. The Settlement Class consists of 3,959 members, there are questions of law or fact common to the Settlement Class, Plaintiffs' claims are typical of those of the Settlement Class, and Plaintiffs will fairly and adequately protect the interests of the Settlement Class.

   c. In addition, Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole. Further, the monetary relief appears incidental to the injunctive relief. The Ninth Circuit has explained that "in Rule 23(b)(2) cases, monetary damage requests are generally allowable only if they are merely incidental to the litigation." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011). Although the U.S. Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*,

131 S. Ct. 2541 (2011), "called into doubt" the continuing viability of the "merely incidental" standard, the Ninth Circuit directed district courts that incidental monetary relief may be provided in Rule 23(b)(2) classes absent "individualized determinations of each employee's eligibility for [monetary damages]." *See Ellis*, 657 F.3d at 986-87. The Second and Seventh Circuits have also concluded that, under certain circumstances, such incidental monetary relief is appropriate in Rule 23(b)(2) cases after *Wal-Mart*. *Johnson v. Meriter Health Servs. Emp. Ret. Plan*, 702 F.3d 364 (7th Cir. 2012); *Amara v. CIGNA Corp.*, 775 F.3d 510, 519-20 (2d Cir. 2014).

Here, the calculation of the monetary relief—the interest paid on rebates for Fee Years 2012-2015—appears to be "mechanical, formulaic, a task not for a trier of fact but for a computer program." *See Johnson*, 702 F.3d at 372; *see also Amara*, 775 F.3d at 519-20 (concluding that monetary damages could be awarded for Rule 23(b)(2) class when the damages due each class member are "easily capable of computation by means of objective standards" (internal quotation marks omitted)). Thus, the calculation of monetary relief will not require individualized determinations by the Court. In fact, the monetary relief has been distributed. Additionally, the monetary relief appears incidental compared to the valuable prospective relief provided. Thus, the requirements for Fed. R. Civ. P. 23(b)(2) are satisfied.

3. If the Agreement does not become final for any reason, the fact that the Parties were willing to stipulate to class certification as part of the Agreement shall have no bearing on, and will not be admissible in connection with, the issue of whether a class for Counts II and III should be certified in a non-settlement context. The Court's findings are for purposes of conditionally certifying a Settlement Class.

4. Plaintiffs Jeffrey Lum and Andrew Li are able to adequately and fairly represent and protect the interests of the Settlement Class and, as such, the Court hereby appoints said Plaintiffs as the Class Representatives for settlement purposes only.

5. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby appoints Nathan J. McGrath and Milton L. Chappell of the National Right to Work Legal Defense Foundation, Inc. as Class Counsel for settlement purposes only.

**Preliminary Approval**

6. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Case, including all members of the Settlement Class.

7. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement falls within the range of possible approval as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court also finds that the Settlement Agreement (a) is the result of serious, informed, non-collusive arm's length negotiations involving experienced counsel familiar with the legal and factual issues of this case and made with the assistance of Mediator Suzanne Nusbaum; (b) is sufficient to warrant notice of the Settlement Agreement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and (d) is not a finding or admission of liability by Defendants.

**Notice**

8. The Court finds that the Notice, ECF No. 53-2, as amended by stipulation of the parties at the February 25, 2016 Preliminary Approval Hearing ("Amended Notice") is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, certification of the Settlement Class for settlement purposes only, the terms of the Settlement Agreement, and their right to object to the Settlement or to exclude themselves from the Settlement Class. The Amended Notice is consistent with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

9. By April 18, 2016, the Amended Notice shall be mailed and emailed to all Settlement class members pursuant to Section 9(f) of the Settlement Agreement. Local 521 shall bear the costs of and facilitate said distribution of the Amended Notice. On the Settlement website described in Section 9(f), Class Counsel shall publish the following pertinent class documents: the Amended Complaint, the Settlement Agreement, the motion for settlement class certification and related documents, the motion for preliminary approval and related documents, the motion for attorney's fees and costs and related documents, the Amended Notice, and relevant orders related to said documents.

10. Local 521 shall insert the appropriate dates into the blank spaces provided in the Amended Notice, before causing said Amended Notice to be mailed to settlement class members.

**Objections**

11. Any Settlement class member may object to the Settlement. Any objection must be in writing and should include the objector's name, address, telephone number, signature, and the reason(s) for objecting to the Settlement Agreement. Objectors should also indicate whether the objector intends to appear at the Final Approval Hearing. Objections must be postmarked on or before May 18, 2016.

12. All objections must be submitted to the Court on or before the objection deadline either by mailing them to Judge Koh's Case System Administrator at the United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113, or by filing them in person at any location of the United States District Court for the Northern District of California.

13. Any Settlement class member who fails to timely mail or file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing as detailed in the Amended Notice shall not be permitted to object to the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement by appeal or other means and shall be deemed to have waived his, her, or its objections and be forever barred from making any such objections in the Case or any other action or proceeding.

**Final Approval Hearing**

14. A Final Approval Hearing shall be held before this Court on June 30, 2016, at 1:30 p.m. in Courtroom 8 of the United States Courthouse, 280 South 1st Street, 4th Floor, San Jose, CA 95113 to consider: (a) whether the proposed settlement of the Case on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a final judgment should be entered; and (c) whether to award payment of attorney's fees and expenses to Class Counsel and in what amount.

15. By April 11, 2016, Plaintiffs shall file with the Court the motion for attorney's fees and costs, which shall be posted to the settlement website on the date of filing.

16. No later than June 3, 2016, Plaintiffs shall file with the Court their motion for final approval, which shall be posted to the settlement website on the date of filing.

**IT IS SO ORDERED.**

Dated:  February 25, 2016

*Lucy H. Koh*
LUCY H. KOH
United States District Judge