UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY LUM, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 521, et al.,<br><br>  Defendants. | Case No. 14-CV-05230-LHK<br><br>**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**<br><br>Re: Dkt. No. 74 |

This is a class action certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23(b)(2) on behalf of the settlement class composed of:

> [A]ll nonmember Employees who, between December 1, 2012, and the date of final approval of this Agreement by the District Court, have timely and properly objected to paying non-chargeable fees to Local 521. "Employee" is defined as "a public sector employee who is represented in collective bargaining by Local 521."

*See* ECF No. 61. Before the Court is Plaintiffs' Motion for Final Approval of Class Action Settlement Agreement and Release ("Motion"), ECF No. 74, in which Defendants join, ECF No. 75. Plaintiff's Motion came on for hearing before the Court on June 30, 2016, pursuant to Federal Rule of Civil Procedure 23(e)(2) and the Court's February 25, 2016 Order Granting Provisional Class Certification and Preliminary Approval ("Preliminary Approval Order"), ECF No. 61.

Having duly considered Plaintiffs' Motion, all of the evidence associated therewith, the Settlement Agreement, and the arguments of all parties at the June 30, 2016 Final Approval Hearing, the Court GRANTS Plaintiffs' Motion. The Court has determined that:

1. The Court has jurisdiction over the subject matter of this action, all members of the settlement class, and Defendants;

2. In accordance with Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, all members of the settlement class have been given proper and adequate notice of the settlement. Based upon the evidence submitted by the parties, the Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the settlement class of the pendency of the litigation, their right to object to the settlement, and their right to appear at the Final Approval Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law;

3. The settlement class members have had an opportunity to be heard on the merits of the Settlement Agreement and no settlement class member has objected to the terms of said Settlement Agreement;

4. The Settlement Agreement is not a product of collusion between the Parties; and

5. The Settlement Agreement is fair, reasonable, and adequate, and is in the best interests of the settlement class, considering the following factors:

    a. the strength of Plaintiffs' case;

    b. the risk, expense, complexity, and likely duration of further litigation;

    c. the risk of maintaining class action status throughout the trial;

    d. the amount offered in settlement;

      e. the extent of discovery completed;

      f. the experience and views of counsel; and

      g. the reaction of the class members to the proposed settlement.

*See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

NOW THEREFORE, pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby GRANTS Plaintiffs' Motion, ECF No. 74, and APPROVES the Settlement Agreement, ECF No. 53-1.

**IT IS SO ORDERED.**

Dated: June 30, 2016

_____
LUCY H. KOH
United States District Judge